IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50277
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM P. ORRELL, II,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-93-CR-31; P-94-CA-30
- - - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:*

William P. Orrell, II, pleaded guilty to one count of wire fraud, 18 U.S.C. § 1343, and was sentenced to 24 months imprisonment, three years supervised release, a $2,500 fine, and a $50 special assessment.  He filed a motion under 28 U.S.C. § 2255 alleging, _inter_ _alia_, that that he was denied effective assistance of counsel.  The district court denied relief and dismissed the motion.

Orrell admitted his guilt at the guilty plea hearing and at the sentencing hearing.  In exchange for his guilty plea to the one-count information, the Government dismissed a six-count

_____

        *    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

indictment.  Orrell has not demonstrated that in the absence of his attorney's alleged errors, he would have insisted on going to trial.  See United States v. Smith, 844 F.2d 203, 209 (5th Cir. 1988); Czere v. Butler, 833 F.2d 59, 64 (5th Cir. 1987).

Orrell also argues that his attorney was ineffective because he took $500 from his parents prior to Barclay being appointed as his attorney.  Even assuming Orrell's allegations are true, he cannot demonstrate how this action rendered his attorney's assistance ineffective.

For the first time on appeal Orrell argues that his attorney was ineffective for failing to investigate the case adequately.  This court need not address issues not considered by the district court.  "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice."  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

This appeal is without arguable merit and thus frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it will be dismissed.  5th Cir. R. 42.2.  We caution Orrell that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Orrell is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

Appeal DISMISSED.